[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action came before this Court as a Hearing in Damages following the defendants' amended Answer admitting each and every allegation of the plaintiff's complaint. Further, the defendants counterclaim was withdrawn. A hearing was held before this Court on March 9, 2001 and July 18, 2001. Subsequently, the parties filed a Stipulation as to plaintiff's attorney's fees and costs, the defendants admitting that these fees and costs were incurred but not agreeing to the amount thereof being reasonable. The parties then submitted briefs the last of which was dated CT Page 14159 October 5, 2001. The Court has reviewed the briefs and the Stipulation as well as its own notes from the hearings. From the totality of the evidence the Court finds as follows:
1. Principal Amount Due:
The principal amount due by the defendants is $15,418.62.
2. Interest:
Both in the Credit Application and Agreement of the defendant corporation and the personal guaranty of the defendants F. Daniel Charles and Janice Charles (Exhibits 1 and 4) the defendants agreed that any invoice remaining unpaid as of the 26th of the month following the month of purchase shall be subject to a service charge of 1 1/2% per month (18% per annum). (Credit Application). ". . . The undersigned unconditionally and absolutely guarantee jointly and severally to the Capitol Light 
Supply Co. payment of any indebtedness of buyer owed to the Capitol Light Supply Co., including but not limited to notes, accounts, advances, loans and any other obligations, . . . and agrees to pay all costs of collection, including reasonable attorney's fees, together with interest on any unpaid balance, including after any judgment of a court of law, at the rate of 1 1/2% per month (18% per year) . . ." (Guaranty signed by F. Daniel Charles and Janice Charles).
It is well-settled law in Connecticut that if a contract calls for an interest rate to which the parties have obviously agreed, it is enforceable. In the leading case of Guaranty Bank Trust Co. v.Dowling, 4 Conn. App. 376, 385, 386 (1985) the court was concerned with a Promissory Note and stated as follows:
 "A Promissory Note is a contract and is enforceable as such. . . . The Note in this case expressly provided for the payment of interest upon default. In failing to award interest, the court in effect remade the contract. Interest is allowed on the ground of an express or implied agreement to pay it or as damages for the breach of some contract or the violation of some duty. . . . Whether interest is a proper element of damages is primarily an equitable determination and is a matter which lies within the discretion of the trial court. . . . Where, on the other hand, the parties have expressly contracted for the payment of interest, the court does not have this latitude. Where the payment of interest is contractually agreed upon, interest is recoverable (Emphasis added). CT Page 14160
Although 18% per annum is a high interest rate, this is a case in which the defendants agreed in the Credit Agreement and in the Personal Guaranty to pay that amount. This is in contrast to having the interest rate set forth only in the invoice after the delivery of the goods. Here the parties agreed to this interest rate in advance. Also, see NicandroGrande v. Paul Behling, Superior Court, J.D. of New Haven at Meriden dated April 24, 1997, 1997 Conn. Super. LEXIS 1087, Gaffney, J. in which the court stated "Interest that is expressly reserved in a contract is recoverable as a matter of. right. . .", page 4. Further, see AtlanticPipe Corporation v. Quadrangle Limited Partnership, et al., 1993 Conn. Super. LEXIS 2860, Superior Court, J.D. of Hartford at Hartford, October 27, 1993, Aurigemma, J. in which the contract stated: "There will be a finance charge at the rate of 1.5% per month on all balances over 30 days old . . . The court also awards Atlantic Pipe the amount of $149,115.00, which is the amount of the finance charge on the unpaid balance pursuant to the contract between Atlantic Pipe Schnip. " (page 2). Accordingly, this Court awards interest as follows:
 From September 20, 1998 through October 20, 2001 at 18% per annum of $15,418.62, the sum of $8,556.00. The total of principal and interest awarded is, therefore, $23,974.62.
 3. Reasonable Attorney's Fees:
Plaintiff is clearly entitled to reasonable attorney's fees on this matter based upon the language in the Guaranty and the Credit Application, each of which calls for reasonable attorneys fees to the plaintiff in the event an attorney brings an action to collect the debt. The issue is what is "reasonable'. The Court agrees that the plaintiff is entitled to attorney's fees for defending against the counterclaim and for the efforts to garnish Cargil Bank. However, the attorney's fees should bear some relationship to the amount for which judgment is sought. Plaintiff has cited the case of Richard D. Jones, et al. v.Edgardo Ippoliti, et al., a case decided by this Court in which the attorney's fees of approximately $161,000 greatly exceeded the amount of the debt, $98,000. However, the decision in Jones v. Ippoliti was based primarily on the Court's finding of fraud committed by the defendants as well as a violation of the Connecticut Unfair Trade Practices Act. Further, that trial before this Court consumed thirty full days of trial in addition to pre-trial motions. In that case there were several depositions and lengthy discovery. Accordingly, Jones v. Ippoliti should not be the basis of the awarding of attorney's fees in the case at bar. The Court notes in the instant case that there is a Stipulation as to the attorney's fees in regard to the defense of the counterclaim and in CT Page 14161 regard to the matter with Cargil Bank as to the amount of time expended by plaintiff's counsel. However, there is no such stipulation concerning the balance of the attorney's fees sought by the plaintiff. Plaintiff's Exhibit 6 does set forth in the form of bills to the plaintiff the amount of time spent by the plaintiff's attorney and the reasons for same. Defendants' only challenge to this is that it is unreasonable in view of the amount claimed. There seems to be no challenge to the individual time records or the hourly rates. The Court, in reviewing the bills, finds that there is a double charge for meetings between the para legal and Attorney Miller. Although admittedly the charge for the paralegal's time is less than that for Attorney Miller, the Court questions whether it is valid to bill for the time of both because they had a conference. For example would it be valid if two of the senior partners conferred for two hours in regard to the plaintiff's case, and each charged their hourly rate for the same conference? In any event, the Court agrees with defendants' counsel that it was not a wise business decision for the plaintiff to bring this case based upon services charged at an hourly rate. What if the plaintiff is never able to collect the judgment? Is the plaintiff still going to pay the total attorney's fees in full? It is true that the actions and pleadings of the defendants delayed the resolution of this matter, but the plaintiff is receiving 18% per annum interest for that delay. This Court cannot in good conscience award the full attorney's fees requested by the plaintiff. This is not, as defendants' counsel says, "a garden variety" collection matter. With the defenses and the counterclaim and the matter with Cargil Bank, it goes beyond the "garden variety" collection matter in which the defendant is defaulted for failure to appear, and the case is decided upon the affidavit of the plaintiff. There is no fee agreement between the plaintiff and the plaintiff's counsel before this Court. The Court has to assume that the arrangement was on an hourly basis since it appears that the plaintiff has paid a good portion of the bills of plaintiff's counsel. The Court does question the validity of some of the charges in the plaintiff's attorney's bills. Rather than go through the bills item by item in this decision, the Court hereby awards the sum of $8,000.00 in attorney's fees which the Court finds is fair, just and reasonable.
4. Costs:
The Court awards the costs claimed by the plaintiff in the amount of$1,304.87.
Judgment is hereby entered for the plaintiff against the individual defendants only,[1] Frank Daniel Charles a/k/a F. Daniel Charles and Janice Charles f/k/a Janice J. Vance in the following amounts:
Principal.............. $15,418.62 CT Page 14162 Interest............... 8,556.00 Attorney's Fees........ 8,000.00Sub-total.............. $31,974.62 + Court Costs............ 1,304.87TOTAL.................. $33,279.49
Rittenband, JTR